# HENRY W. KINGSBURY, by his Guardian,

*v.*

# MARY K. BUCKNER *et al.*

1. FORMER ADJUDICATION—*decision of this court conclusive of second appeal.*

2. SAME—*not conclusive as to points not decided.* On bill to declare a trust, and for partition of land, a decision of this court establishing the trust, and remanding the cause with directions that a partition be made according to the rights of the parties in interest, and an account be taken, will not preclude the parties from showing that the ancestor's title was divested under a deed of trust, given by him in his lifetime.

3. REDEMPTION—*acquiring title under deed of trust, ·by one heir, is not a redemption.* When land is sold under a deed of trust given by a party in his lifetime, and a stranger becomes the purchaser, and afterwards conveys the land to another in trust for one of the heirs of the deceased grantor, this will not operate as a redemption from the trust deed, and inure to the benefit of all the heirs of the grantor.

4. PARTITION—*where premises are incumbered, the incumbrances to be ascertained by the court.* Where partition is sought of premises on which there are incumbrances, the court should ascertain the incumbrances by proof, and apportion them according to the rights of the parties, and not intrust this duty to the commissioner.

5. SAME—*disposition of funds belonging to the estate.* Where there is money due for insurance on account of injury to the property by fire, and there are incumbrances on the property, on a bill for partition and an account, the court should direct the insurance money to be applied to the removal of all the matured incumbrances, before making any distribution thereof.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. HENRY CRAWFORD, and Mr. EDWARD S. ISHAM, for the appellant.

Messrs. GOUDY & CHANDLER, for the appellees.

Mr. JUSTICE THORNTON* delivered the opinion of the Court:

This case was before the court at a former term. As we shall not go behind the decision then made, it is necessary to understand it. The cross-bill of the Buckners, upon which the decision was based, was for the purpose of having a trust declared, a reconveyance of real estate, and a partition. The court then decided that the deed from Mary K. Buckner and husband to her brother, was not originally properly delivered, to be effectual, but that it became operative by the subsequent acts and declarations of the parties; that

---

*The original opinion in this case was delivered by Mr. JUSTICE THORNTON, as of the September term, 1872, and, at the September term, 1873, an additional opinion was filed, upon a rehearing.

516      KINGSBURY v. BUCKNER et al.      [Sept. T.

Opinion of the Court.

there was an express trust manifested, and the decree of the court below dismissing the bill was reversed, and the cause remanded "with directions to dismiss the original bill absolutely, and to grant the relief prayed for in the cross-bill, by a decree establishing the equitable title in Mary K. Buckner to her proper share in all the real estate," etc.

Every question was then settled, and became *res adjudicata*, except the actual interest of Mrs. Buckner in the real estate. This was subject to future inquiry and additional evidence. It was directed that she should have "her proper share," and this must be ascertained by the court below. It was not definitely fixed and determined by the former opinion. If her father, before his death, had alienated a portion of the property, she could not inherit such portion, and it would form no part of her proper share.

A labored argument has been made to prove the error of the former decision of the court, and it is charged that fraud and collusion were practiced, and incompetent testimony adduced, to obtain it. If this were true, we can not determine questions so grave upon *ex parte* affidavits. If there have been fraud and collusion, the proper remedy would be in chancery, and then the parties assailed could have an opportunity of making a defense; or, if the decree is directed by the court of final resort, by an application for a rehearing.

Upon the former hearing, after full argument, this court decided that Henry W. Kingsbury held the property conveyed by the deed from Mrs. Buckner and husband to him, as trustee; that the trust had been manifested by a writing, and that she had an equitable title to a share in the estate. The cause was remanded to ascertain her share, and not to determine the trust. The latter had been established by the declaration of this court. This appeal is prosecuted from the decree making partition, and can bring before us no other question, except questions incident to the order for partition. We can not examine as to the merits of the original case, but only as to proceedings subsequent to the decision at the former

hearing. If the course suggested and so strenuously insisted upon by the counsel for appellant, was pursued by appellate courts, litigation would never cease, new counsel, as in this case, would make new arguments and present additional points for adjudication, and the most resolute persistence would finally settle the rights of the parties. The appellate power of this court would then be exercised more over its own proceedings and judgments than over those of inferior courts.

The trust relation between the parties was established by the former decision, and the court has not the power to reverse it. We might overrule it, but this would' manifest a vacillation which would destroy all respect for the court. The proper mode would have been an application for a rehearing in apt time, and then the suggestions now made would have been entitled to consideration.

This is the doctrine of the courts, as definitely settled by repeated decisions. *Hallowbush* v. *McConnell*, 12 Ill. 203; *Washington Bridge Company* v. *Stewart*, 3 How. 413 ; *Browder* v. *McArthur*, 7 Wheaton, 58; *Southard* v. *Russell*, 16 How. 547; *Roberts* v. *Cooper*, 20 How. 467.

After remandment of this cause by this court, the court below rendered a decree in accordance with the mandate of this court, and appointed commissioners to inquire as to incumbrances upon the property, and to make partition.

These facts were developed, which were not in the former record:

Julius J. B. Kingsbury, the ancestor of the parties and the owner of the property in controversy, died intestate in 1856, and, previous to his death, executed a deed of trust on the land known in this record as the "Spencer tract." The note secured was due in five years, with interest, and a power of sale was given, in case of default in payment. The language as to the notice to be given of the sale, was as follows: "After having advertised such sale ten days in a daily newspaper." In 1862, the trustee, upon the request of the holder of the note, published a notice in the Chicago Daily Tribune, on the

**518** KINGSBURY *v.* BUCKNER *et al.* [Sept. T.

Opinion of the Court.

10th of April, that he would sell on the 21st of the same month. The deed executed by the trustee recited that the notice was printed for ten days consecutively, commencing on the 10th of April. This deed was dated April 21st, 1862, but was not acknowledged until in 1868. The grantee, Emily Spencer, in 1864, made a deed of trust on the same premises to Thomas Swan, upon the condition to convey the property to Kingsbury, the appellant, upon the payment of the money advanced. The father of appellant was killed at Antietam, in 1862, and before the execution of this last deed.

This "Spencer tract" the court below divided between Mrs. Buckner and the other heir. She inherited from her father, Major Kingsbury, who died in 1856. He, in 1855, made the deed of trust on this tract to Corydon Beckwith. If, therefore, by the sale and deed of the trustee, the title to the "Spencer tract" was vested in Emily Spencer, and by her conveyed to Swan, to secure him for money advanced, and limited in the deed to the use of appellant, upon payment, Mrs. Buckner could not have inherited any part of this tract.

In 1855, when the deed was made to Beckwith, Buckner, the husband of Mrs. Buckner, was the agent and attorney of Major Kingsbury, with authority to improve the property in Chicago, and make loans and leases, and he joined in the deed of trust to Beckwith.

Upon the facts, now for the first time disclosed, as to the sale of the "Spencer tract," is appellant estopped by the former decision from any inquiry as to the ownership? As already remarked, upon the facts before us in the former record we merely decided upon the relation existing between Mrs. Buckner and the father of appellant, and, as a consequence of the trust relation, that she was entitled to her proper share in the estate of her father; and we directed that an account be taken between her and all other persons interested in the estate. The court below proceeded in this investigation, and it was ascertained that the common ancestor had conveyed a portion of the estate in his lifetime, and,

by virtue of the deed of trust and the sale thereunder, and the conveyance by the trustee, the title to the tract in question had become absolute in Emily Spencer. She was the *bona fide* holder of the note secured; and if the sale and deed were regular, and in accordance with the power, she obtained a perfect title, as against the heirs of Major Kingsbury. No right or equity of redemption existed as against her. The conveyance, then, by her to Swan was voluntary, and was made at the solicitation of the friends of appellant, to secure to him the premises, upon the payment of the money borrowed. The conclusion is, that Swan had the title, limited to the use of appellant. Swan was not a party to the cross-bill of appellees, and, therefore, can not be divested of his title by the former decision. The legal title was in him; the equitable title was in appellant. As Swan's interest could not be disturbed, neither could that of the *cestui que trust.*

But it is urged, that the sale was irregular; that two Sundays intervened between the day of the first insertion of the notice, and that, as Sunday is *dies non juridicus,* there was not publication for ten successive days. In the absence of proof to the contrary, the presumption is, that the publication was made each day from the 10th to the 21st, inclusive. Exclude the day of sale, and still the notice was published for eleven successive days.

It is assumed that the publication was invalid, according to the decision in the case of *Scammon* v. *The City of Chicago,* 40 Ill. 147. In that case, the law required the publication for six days, and the court decided that Sunday could not be computed as one of them, because the notice required was in place of process, which could not be served on Sunday. In this case, the publication was not for the purpose of bringing a party into court. The grantor in the deed merely stipulated for ten days' notice of the sale. This was a matter of private arrangement between the parties, with which the law has nothing to do. We have no right to exclude Sunday, in the computation, when the language of the deed does not do

it.   We might as well say that, where a note is payable ten days after the date, and a Sunday intervenes, it must be excluded in determining the maturity of the note.   We think the publication was sufficient.

Again, it is contended that the transaction with Emily Spencer operated as a redemption, and restored the title of this tract to both heirs.   In this view we can not concur. She had obtained the absolute title, and held it for two years prior to the conveyance to Swan for the use of appellant. By the trustee's sale, the right of redemption was gone, and the purchaser might have conveyed to one or both of the heirs, or to a stranger.   All equities had become merged in the legal title.   Then, when the deed was made to Swan, it expressly excluded any interest in Mrs. Buckner, and conveyed the premises upon the express trust that a conveyance should be made to appellant upon the payment of the moneys advanced.

It seems to us that the entire transaction is a simple one. When the trustee made the deed, in 1862, it related back to the deed of trust made by Major Kingsbury in 1855.   The land then ceased to be trust property.   Any title, equitable or otherwise, in the brother of Mrs. Buckner was extinguished in his lifetime.   Neither he nor his son, this appellant, could be regarded as a trustee of the property, for the entire title had become invested in Emily Spencer, the grantor to Swan.

We are, therefore, of opinion that the title to the "Spencer tract" is in Swan for the use of appellant, and that Mrs. Buckner has no interest in it.

As the decree must be reversed, it is proper that some further suggestions should be made as to the proceedings subsequent to the former appeal.   At the commencement of the suit, there were valuable improvements upon the property. These have since been destroyed by fire.   There were also incumbrances, and the receiver, by the order of the court, had borrowed money and paid for buildings upon leased

ground.  Policies of insurance had also been procured by the receiver, which he held at the time of the fire.

The court appointed commissioners to execute the decree of partition, and directed that they take "into consideration the quantity, quality and value of the premises and the incumbrances thereon;" and subsequently, upon a motion in behalf of Mrs. Buckner, the receiver was ordered to pay to her one-half of all which had been or might be collected from the insurance policies.

The court should have ascertained the incumbrances by proof submitted, and apportioned them according to the rights and equities of the parties, and not have intrusted this important duty to the commissioners.

We directed an account to be taken, between Mrs. Buckner and all other parties interested in the estate.  If the court was satisfied that, upon the payment of debts and the removal of all incumbrances, she would have been entitled to the amount ordered to be paid to her by the receiver, it may have exercised its discretion properly in making the order, that the receiver pay to her one-half of the moneys collected from the policies of insurance.  The proper practice, however, would have been, to have awaited the statement of the account.

The insurance money belonged to the estate, and all outstanding notes, bearing interest, should have been satisfied, and the incumbrances removed, so far as they had matured, before any division of the moneys between the parties.

The decree is reversed and the cause remanded.

*Decree reversed.*


This cause was heard at the September term, 1872, and a rehearing having been granted, the following additional opinion was delivered at the September term, 1873:

Per CURIAM:  A rehearing was ordered in this cause upon the present appeal, not for the purpose of reconsidering the case upon the merits, or to change, or, in any substantial

sense, to modify our former decision, but to render the opinion of the court more explicit, and prevent misconception of its meaning. This seems demanded by the peculiar state of the record, which was inadvertently overlooked, and the language employed in the opinion, to which our attention has been called by the application for a rehearing.

When the cause was before us upon a former occasion, the principal questions involved were definitely settled. The decree of the court below, dismissing both the original and cross bills, was reversed, and the cause remanded, with directions to grant the relief prayed by Mrs. Buckner's cross-bill. 58 Ill. 310. In pursuance of those directions, a decree was entered in the circuit court, November 13, 1871. This decree established the principal rights of the parties, and the court proceeded to carry them into effect, which involved the necessity of entering three subsequent decretal orders, and on August 2, 1872, another and final decree. This decree disposed of a controversy arising between the parties upon proceedings for partition, involving a claim by Mrs. Buckner to a share in what is called the "Spencer tract," as a part of her father's estate, and by that decree her claim was allowed, from which an appeal was taken, on behalf of the infant, Henry W. Kingsbury, to this court. No appeal was taken from the decree of November 13, 1871, but appeals were taken from some of the decretal orders intervening that and the final decree of August 2, 1872.

Upon these appeals the whole record was brought to this court, and errors assigned, questioning the propriety of the decree of November 13, 1871, entered in conformity with the directions of this court, some of the intervening orders, and the final decree of August 2, 1872. The questions raised and attempted to be raised were all carefully considered, and the conclusion arrived at was, that no error could be assigned upon the first decree, entered in pursuance of the directions of this court; that the points made upon the intervening orders were not well taken, but that the decree of August 2,

1872, was erroneous, and ought to be reversed, for the reasons given in the opinion.   These views, however, are not clearly announced in the former opinion, and it follows also that the directions contained in the opinion which have no relation to the matters involved in the decree of August 2, 1872, are wholly inappropriate, and may be considered as withdrawn from the opinion.

The judgment which we intended to enter was, that the several decrees and decretal orders antecedent to the final decree of August 2, 1872, and upon which error was assigned, be affirmed, but that the decree of August 2, 1872, concerning Mrs. Buckner's claim in the Spencer tract, be reversed, and the cause remanded for further proceedings in conformity with the former opinion, as herein explained and modified, and that each party pay half of the costs in this court.