ALICE MULLOY, Defendant in Error, *vs.* JOHN MULLOY *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1907.*

1. PARTITION—*fact that certain parties are dissatisfied with division made does not require disapproval of report.* If the division made by the commissioners in a partition proceeding is fair and equal, quantity and quality considered, the court should confirm the report, notwithstanding some of the parties offer to exchange tracts with the others and pay money in addition for the exchange; nor is such offer conclusive evidence that the partition is unfair.

2. SAME—*when complainant's solicitor's fee should not be taxed as costs.* It is not proper to tax the complainant's solicitor's fee as costs in a partition proceeding, where the parties were unable to agree upon a division of the property before the bill was filed and some of the defendants continue the contest as to the value of the property, and the division thereof, by employing attorneys and objecting to the confirmation of the commissioners' report. (*Jones* v. *Young,* 228 Ill. 374, followed.)

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

STEDMAN & SOELKE, for plaintiffs in error.

JAMES H. CAREY, (A. L. GRANGER, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a bill for partition filed in the circuit court of Iroquois county by Alice Mulloy. The bill alleged that the complainant and her brothers and sisters, John Mulloy, Edward Mulloy, Mary Mulloy and Josephine Welch, (*nee* Mulloy,) were the owners, as tenants in common, each of the undivided one-fifth part of the real estate described in the bill, and that they derived their title thereto from their deceased father. The brothers and sisters of complainant named, and Joseph Clair, a tenant, were made parties de-

fendant to the bill. No other party 'or parties had any interest in or to said premises. John and Edward Mulloy appear to have answered the bill, but we have been unable to find their answer either in the abstract or the record. It is not claimed, however, that their answer set up any defense or opposition to the partition of the premises as prayed in the bill. After defaulting the defendants not answering, such proceedings were had that a decree for partition as prayed in the bill was entered, and Fred W. Tovey, J. E. Zumwalt and Charles N. King, entirely disinterested parties, were appointed as commissioners to go upon the land and assign to each of the said owners his share in the land by metes and bounds or other proper description, quantity and quality relatively considered. They were also empowered to employ a surveyor, and if they found that a division and partition could not be made without manifest prejudice to the parties in interest, they were authorized to fairly and impartially appraise the value of each piece and parcel of land and were instructed to report to the court. These commissioners divided the land and assigned to each party what they determined was an equal one-fifth of the whole. Plaintiffs in error filed objections to the report of the commissioners, alleging that each of them had not received an equal one-fifth share of the estate; that the commissioners had exceeded their authority in allotting to each one his or her share in the land, and failed to do their duty when they neglected to appraise each piece and parcel of land and show its valuation in their report. They also offered to allow the other heirs to make choice of tracts, and agreed to pay (or accept) in cash the difference represented and shown in their objections, to the parties receiving the less valuable tracts. They offered to allow the other heirs to place a valuation on the land, and, if allowed to make choice of tracts, to take or give to the person receiving the less valuable tract the difference in cash to make said tract equal with the

others. They prayed that the report of the commissioners be not approved or confirmed but set for hearing, and in case the offer made could not be adopted, then that a new appraisement of the estate be ordered, and for such further relief as may seem fair and equitable. The court heard testimony on the objections and entered a decree confirming the report of the commissioners, finding the value of the property to be $35,000, and allowing a solicitor's fee of $700 to be taxed as costs of the proceeding, and decreeing that Alice, Mary, John and Edward Mulloy and Josephine Welch each pay one-fifth of the costs of the suit. Plaintiffs in error bring the record before this court for review, and assign as error that the report of the commissioners is inequitable and unjust and should be set aside, and that they, having employed counsel in good faith, should not be required to pay solicitor's fees for defendant in error.

For convenience counsel have designated the tracts of land assigned to each of the parties by numbers, as 1, 2, 3, 4 and 5. Tract No. 1 was the north tract and it was assigned to Edward Mulloy. Tract 2 was immediately south of tract 1 and was assigned to John Mulloy. Tract 3 was south of tract 2 and was assigned to Alice Mulloy. Tract 4 was south of tract 3 and was assigned to Josephine Welch. Tract 5 was south of tract 4 and was assigned to Mary Mulloy.

The proof heard by the court in support of the objections to the commissioners' report consisted of the testimony of Edward Mulloy and a stipulation that John Mulloy would testify substantially the same as Edward Mulloy. Edward Mulloy testified the value of each of the tracts assigned to him and his brother John was $7400; that the value of tract 3, assigned to Alice Mulloy, was $7900; that the value of tract 4, assigned to Josephine Welch, was $8150, and the value of tract 5, assigned to Mary Mulloy, was $8000. He testified the tracts assigned to himself and brother were low, wet land, not tiled, having a ditch run-

ning through them in an irregular manner, which was the outlet for drainage for a considerable quantity of other land; also that there were no improvements on the land assigned to himself and brother; that the tracts assigned his sisters were higher and better drained lands and had some improvements upon them. Fred W. Tovey, one of the commissioners who made the partition, on behalf of defendant in error testified that the soil of the two north tracts was of a better quality than the three south ones, and he considered the two north tracts were worth from $5 to $7.50 per acre more than the south tracts; that the relative value, considering improvements of the several tracts, was substantially the same and the division made by the report was fair and equal in values. Charles M. King, one of the commissioners, testified that in his judgment the two north tracts were worth from $5 to $10 per acre more than the south tracts. This, we understand, refers to the value of the land without reference to any improvements on any of the tracts. It was stipulated that Zumwalt, one of the other commissioners, would testify the same as Tovey did upon the points covered by Tovey's testimony. The proof shows that the improvements on the south tracts were not of a very substantial or valuable character, and we would not be justified in holding that the chancellor erred in finding the evidence sustained the report of the commissioners and that the partition between the parties was fair and equal, quality and quantity relatively considered.

The court correctly refused to consider the offer of the plaintiffs in error to take tracts assigned to other parties and give in exchange therefor the tracts assigned to them, and pay such other parties what plaintiffs in error testified was the difference in value between the exchanged tracts. It was the duty of the commissioners, under the direction of the court, to make the partition. If the partition, when made, is fair and equal between all the parties, the quality and quantity of the premises relatively considered, it is the

duty of the court to confirm it. The fact that one of the parties is dissatisfied and would rather have the land assigned to one of the other parties than that assigned him, and would be willing to give a sum of money for an exchange, would not justify a court in ordering such exchange or setting aside the report of partition. Nor is such offer conclusive evidence that the partition was unfair or unequal.

In the decree confirming the report of the commissioners, the court, after hearing testimony as to the value of the services rendered by solicitor for complainant, allowed a fee of $700 for said services, and ordered the same to be taxed one-fifth to each of the owners of the land and to be paid as a part of costs of the proceedings. Plaintiffs in error contend this was erroneous, as they employed counsel and resisted the partition in the manner reported by the commissioners. Defendant in error contends that as the right to a partition in the manner prayed in the bill was not contested, and as counsel for plaintiffs in error rendered no services before the filing of the report of the commissioners, the court was justified in taxing the solicitor's fees as costs. A question very similar to this was before this court in *Jones* v. *Young,* 228 Ill. 374, and it was there held to be erroneous to tax complainant's solicitor's fees as costs. In that case, as in this, the contest chiefly related to the property and the value of it that should be assigned to each of the parties. There, as the proof shows to be true here, the parties had endeavored to make partition of the premises between themselves before the bill was filed, and being unable to agree, suit was instituted. We think the opinion in *Jones* v. *Young, supra,* is conclusive of the question relating to solicitor's fees in this case, and the court therefore erred in decreeing that the fees be taxed to the parties as costs.

That part of the decree of the circuit court approving the report of the commissioners is affirmed, and that part

of the decree taxing the solicitor's fees as costs is reversed and the cause remanded, with directions to enter a decree disallowing said solicitor's fees. The costs of the writ of error will be ordered to be paid one-half by plaintiffs in error and one-half by defendant in error.

*Reversed in part and remanded, with directions.*