JETTIE RICHARDSON, Appellee, *vs.* ESDRAS B. TRUBEY, Appellant.

*Opinion filed June 16, 1909.*

1. WILLS—*devise to husband of interest he may take under the law has no fixed meaning.* Whether a devise to the testatrix's husband of "whatever interest in my estate he may be entitled to under the laws and statutes" means the interest he would take at law if she died intestate or the interest he would take if she died testate as to all her property without providing for him, depends wholly upon the testatrix's intention as expressed in the whole will, as the words have no fixed meaning, to be enforced regardless of the testatrix's intention.

2. SAME—*when husband takes under will and not under statute.* Where a will devising to the testatrix's husband whatever interest he may be entitled to under the laws and statutes directs the manner in which the personal property left to him shall be paid and provides for the deduction of his debt to the estate from the property he is to have, the husband, in the absence of renouncing and making an election, takes under the will and not under the statute.

3. SAME—*when husband's rights under the law are affected by the will.* Where a will devising to the testatrix's husband whatever interest he may be entitled to under the laws and statutes provides that he shall "take his interest in my estate out of my real estate, so far as possible, except the household goods," such provision does not affect his right to dower and homestead nor to his one-third of the household goods, but it does affect his right to one-third of the other personal property; and hence a partition decree should charge the real estate, for his benefit, with the value of that portion of the personal property to which he is entitled.

4. PARTITION—*the commissioners should be directed to set off homestead and assign dower.* A partition decree should direct the

commissioners to set off homestead and allot or assign dower to the party entitled thereto, and in the absence of proof that dower cannot be assigned without great injury to the estate, the decree should not direct that the land, other than the homestead, shall be partitioned among the other parties, and that they shall pay one-third of the net income to the party entitled to dower so long as he lives.

5. SAME—*when a judgment creditor is not entitled to lien on real estate.* A judgment creditor of a party entitled to homestead and dower in a partition proceeding cannot intervene and have his judgment declared a lien upon the interest of his debtor in the real estate, including the homestead.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

On January 24, 1908, Jettie Richardson filed her bill in the circuit court of Cook county against Esdras B. Trubey, appellant, and others, for partition of certain real estate in that county, owned at the time of her death by Luella B. Trubey, who died testate on June 3, 1905. The legatees and devisees named in the will, (including appellant, who was her husband,) the holders and owners of certain notes and trust deeds executed by the testatrix, and her husband and the tenants occupying the property, were made defendants to the suit. Answers and replications thereto were filed. The case was tried before the chancellor upon an agreed statement of facts.

Luella B. Trubey died testate on June 3, 1905, without descendants, but leaving surviving Esdras B. Trubey, her husband, and certain brothers and sisters, as her only heirs-at-law. At the time of her death and at the time of the execution of her will, on December 6, 1904, she was the owner in fee of residence properties located at Nos. 490 and 492 Forty-second street, in Chicago, Illinois, and at No. 307 South Willow avenue, in Austin, Illinois, and this is the real estate involved in this suit. She also left personal property, the amount or value of which is not made

to appear. At the time of her decease Luella B. Trubey and Esdras B. Trubey occupied the premises at No. 490 Forty-second street, Chicago, as their home, and the husband has homestead therein.

The will of Luella B. Trubey provides, first, for the payment of her debts. By the second, third, fourth and fifth clauses she bequeathes sums of money aggregating $2000 to certain brothers and sisters. By the sixth clause she bequeathes to her executrix the sum of $500 to be used in erecting a monument. The seventh and eighth clauses read as follows:

"*Seventh*—I give, devise and bequeath unto my husband, E. B. Trubey, whatever interest in my estate he may be entitled to under the laws and statutes of the State of Illinois, or of any other State or country wherein I may have or own property at the time of my decease, subject to a charge against him of two thousand dollars, ($2000) with accrued interest, on account of a loan which I made him about a year prior to the date of this will, at the rate of five and one-half ($5\frac{1}{2}$) per cent interest, which sum of two thousand dollars, with interest thereon, he has not paid, and for the purpose of making which loan I encumbered my property at 492 Forty-second street, Chicago, Illinois. And in the event that he makes claim to the silverware, pictures, jewelry and diamonds herein bequeathed to my niece, Jettie Richardson, and endeavors to get possession thereof and deprive her of them, I direct that she shall have the election to either take the articles covered by the bequest herein made to her or their appraised value in cash. And it is my desire that my husband shall take his interest in my estate out of my real estate, so far as possible, except the household goods now contained in the house where I reside, at 490 Forty-second street, Chicago, Illinois, to the end that there may be sufficient funds coming to the hands of my executors to pay the various bequests named in this will.

"*Eighth*—I give, devise and bequeath unto my niece, Jettie Richardson, of White Mills, Hardin county, Kentucky, and to her and her heirs and survivors forever, all the rest, residue and remainder of my property, both real and personal and of every other kind and nature whatsoever, of which I shall be seized, possessed or in any degree the owner at the time of my decease and whether now belonging to me or hereafter acquired, and especially bequest to her all my silverware, pictures, jewelry and diamonds, and especially direct that the same shall be delivered to her in kind."

The ninth clause nominates Jettie Richardson to be executrix of the will without bond, giving her full power to sell and convey, without order of court, the property, both real and personal, belonging to the estate. Later Mrs. Trubey executed a codicil, by which she gave to Arthur B. Pease, one of her solicitors, a couple of vases which had been a part of the Austrian exhibit at the World's Columbian Exposition.

On July 19, 1905, the will, with the codicil, was admitted to probate in the probate court of Cook county and letters testamentary issued to the executrix named therein. On February 24, 1906, the executrix notified Esdras B. Trubey, in writing, that all of the claims allowed against the said estate had been paid, and that within two months from that date he should elect to take under the will or renounce the provisions thereof and take the portion of the estate given him under the laws of Illinois. He has never renounced the provisions of the will nor filed an election.

The legacies provided for in the second, third, fourth, fifth and sixth clauses of the will are unpaid. There had been no adjudication fixing the rights of the husband in his wife's estate prior to the entry of the decree herein. On November 6, 1907, Jettie Richardson and husband conveyed to Mollie G. Taylor an undivided one-fifth interest in all of the real estate above mentioned.

The court entered a decree on January 11, 1909, award-
ing partition and adjudging the interest of the said Esdras
B. Trubey to be a homestead in the premises located at
No. 490 Forty-second street, Chicago, and adjudging that
he was entitled to receive one-third of the net rents and
profits of the said premises after deducting his homestead
rights, and one-third of the net rents and profits arising
from the properties located at No. 492 Forty-second street,
Chicago, and No. 307 South Willow avenue, Austin, for
the term of his natural life, which rights and interests the
decree recited accrued to him under the said last will, and
which, other than said homestead, are adjudged to be sub-
ject to a charge of $2000, and interest thereon at the rate
of five and one-half per cent per annum from November 20,
1902, as provided by said will. The decree adjudges the
interest of Jettie Richardson to be the undivided four-fifths
and that of Mollie G. Taylor to be the undivided one-fifth
in fee of all of said real estate, subject to the interests of
said Esdras B. Trubey and subject to certain other charges
and liens which are not here the subject of controversy.
Frederick A. Brown was permitted to file an intervening
petition, showing that on November 10, 1908, he obtained
a judgment against the husband in the municipal court for
$215.48, and it is decreed that this judgment is a lien on all
Trubey's interest in the real estate of the testatrix. From
the decree Trubey has prosecuted an appeal to this court.

W. W. DeARMOND, for appellant:

Where testatrix leaves her surviving her husband, but
no child, children or descendants thereof, and bequeathes
to him whatever interest in her estate he is entitled to un-
der the laws and statutes of the State of Illinois, he is
given just what he would receive had she died intestate,
and the Statute of Descent furnishes the measure of his
interest and right in her real estate. *Kelley* v. *Reynolds*,
39 Mich. 464; *Adamson* v. *Ayers*, 5 N. J. Eq. 349; *Stine-*

*man's Appeal,* 34 Pa. St. 394; *Johnson* v. *Johnson,* 32 Minn. 513; *Horsey* v. *Horsey's Exrs.* 1 Houst. 438; *Burton* v. *Burton,* 4 Harr. 38; *Johnson* v. *Linstrom,* 92 Minn. 8; *Matthews* v. *Matthews,* 13 La. Ann. 197; *In re Golder's Will,* 30 Hun, 441; *Murdock* v. *Bilderback,* 125 Mich. 45; *Rawson* v. *Rawson,* 52 Ill. 62; *Wilson* v. *Morris,* 94 Tenn. 548; *Miller* v. *Miller,* 62 Ky. 8; *Smith* v. *Martin,* 18 Ala. 819; *In re Gotzian,* 34 Minn. 159.

Trubey is deemed a purchaser of the bequest made to him in lieu of his dower, and the transaction has all the force of a contract between him and his wife. *Blatchford* v. *Newberry,* 99 Ill. 11; *Williamson* v. *Williamson,* 6 Paige, 298; *Hubbard* v. *Hubbard,* 6 Metc. 50; *Lord* v. *Lord,* 23 Conn. 327; *Borden* v. *Jenks,* 140 Mass. 562; *In re Gotzian,* 34 Minn. 159.

The dower interest the decree seeks to give appellant is not dower as the same exists at common law and in this State. *Sisk* v. *Smith,* 1 Gilm. 503; 2 Blackstone's Com. 129; 4 Kent's Com. 69; 2 Bacon's Abr. 356.

SAMUEL C. HERREN, also for appellant.

PIERSON & PEASE, and GEORGE A. MILLER, for appellee:

If one construction will render a portion of the language used meaningless while a different construction will give effect to all of the language used, the latter must be adopted. *Lomax* v. *Shinn,* 162 Ill. 128.

It is not to be presumed that the testatrix intended to do that which the law would do without any will, if that conclusion can be avoided. *Anderson* v. *Anderson,* 191 Ill. 102.

If testator disposes of entire estate by will the statutes of descent have no application. *Laurence* v. *Balch,* 195 Ill. 626; *Cribben* v. *Cribben,* 136 id. 609.

The laws in force when a will is made are a part of it, as much so as if they were fully expressed in it. *Matthias* v. *Cook,* 31 Ill. 87.

A clearly expressed wish by the testator is equivalent to a positive direction or command. *McCartney* v. *Osburn,* 118 Ill. 420.

A clear gift in one part of a will is not to be cut down or out by doubtful or ambiguous expressions in another part or upon any conjecture, but the intention to cut down or out must be indicated with at least reasonable certainty. Schouler on Wills, sec. 478.

The beneficiary of a will must accept it in its entirety, if at all. Acceptance of a benefit under a will adopts the whole will and is a renunciation of every interest inconsistent with the beneficial provisions. *Brown* v. *Pitney,* 39 Ill. 472; *Ditch* v. *Sinnott,* 117 id. 367.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The principal controversy in this case is in regard to the meaning to be attached to the words, "whatever interest in my estate he may be entitled to under the laws and statutes of the State of Illinois," found in the seventh clause of the will. It is contended by appellant that thereby the testatrix designated the interest which her husband would have had in her estate had she died intestate, while, on the other hand, the insistence is that the words mean the interest which he would have in her estate she dying testate as to all her property without making any provision for him, and no election having been made by him pursuant to section 12 of the Dower act. A number of cases have been cited from other jurisdictions in which words substantially identical with those quoted were held to mean the interest which the devisee or legatee would have taken had there been no will. The words, however, have no fixed meaning. They are not like words which bring a devise within the rule in *Shelly's case,* and which must be given force even

if it appear, upon a consideration of the entire document, that a result follows which was not intended by the testator. In construing this instrument the only thing to be ascertained is the intention of the testatrix. If appellant be correct, she intended that her husband should have homestead, and, subject thereto, should have one-half of her real estate in fee, dower in the other half and all her personal property. An examination of the will shows at once that such was not her intention. By the residuary clause she devised and bequeathed the residue of her property, both real and personal, to Jettie Richardson. If her husband was to take all her personal property there would have been no personalty upon which the residuary clause could have operated. Again, she specifically bequeathed to Jettie Richardson her silverware, pictures, jewelry and diamonds, to be delivered in kind, and to Arthur B. Pease certain vases. Had she intended this property so specifically bequeathed to go to her husband, it seems clear that she would not have provided that it should go to other persons. She also provided by the seventh clause of her will that the property devised and bequeathed to her husband should be subject to a charge against him of $2000, and interest, on account of a loan which she had theretofore made to him. If she had bequeathed to him all her personal property it would have been unnecessary to make this arrangement. It is true that provision is made for the contingency of the husband's making claim to the personal property specifically bequeathed to Jettie Richardson; but that is without significance, for the reason that the husband would be entitled to a share of the personal property in any event, and he might seek to obtain the personal property so specifically bequeathed to Jettie Richardson or some part thereof.

We think it clear that what the testatrix intended her husband to have was such interest in her estate as he would take under the laws of the State she dying testate as to all her property and making no provision for him by her will.

The property to which he would then be entitled would be, first, one-third of her personal property after the payment of debts; (*Laurence* v. *Balch,* 195 Ill. 626;) second, homestead; third, dower in the remainder of her real estate. In such event he could, of course, alter his rights by making an election under section 12, *supra,* just as he might have done here by such an election or by renouncing and making such an election. In this case, however, as the will directs the manner in which the personal property left to him shall be paid or distributed to him and provides for deducting his debt to the estate from the property which he is to have, he takes by the will and not by the statute, which would have fixed his rights had no provision whatever been made for him by the will. While this conclusion is in accord with the views of appellee as presented by her brief, the decree is less favorable to the appellant, and we do not think it properly preserves his rights. As above indicated, the husband is entitled to homestead and dower, which is precisely the homestead and dower to which he would have been entitled had no provision been made for him in the will, subject only to such burden as the will imposes. The seventh clause requires that the husband "take his interest in my estate out of my real estate, so far as possible, except the household goods." Those words can have no application to the homestead and dower, because they already came out of the real estate. The manner in which those interests shall be enjoyed is not in any manner altered nor is the husband's right in the household goods affected by those words. He is still entitled to one-third of the household goods, but his right to one-third of the other personal property remaining after the payment of debts is affected by those words. By them, while he is entitled to the value of such one-third of other personal property so remaining, the same, so far as possible, is to be paid out of the real estate, subject to his homestead and dower. The decree adjudges Trubey "entitled to his rights of homestead as de-

scribed and set forth in the statutes of the State of Illinois," but the commissioners are not specifically directed to set off the homestead. The decree does not award dower, but provides that the husband is to "receive, use and enjoy one-third of the net rents and profits" of the premises after deducting the said homestead right. The commissioners are not directed to assign dower. They should have been required to set off the homestead and allot or assign dower as is contemplated by section 22 of the Partition act. It does not appear that dower cannot be assigned without great injury to the estate, and no jury has been empaneled under the provisions of section 39 of the Dower act. Under this decree the real estate other than the homestead would be partitioned between Jettie Richardson and Mollie G. Taylor, and it would be their duty to pay to the husband one-third of the net income of the property so long as he should live. This arrangement does not find warrant in our laws pertaining to dower. The decree also fails to charge upon the real estate, for the benefit of the husband, the value of that portion of the personal property, other than the household goods, which passes to him. The proof in this record does not disclose whether or not his interest in the personal property exceeds the amount of his indebtedness to the estate, but in the absence of proof that nothing will be payable to him out of the real estate his rights in that respect should be preserved by the decree.

If Trubey's interest in the personal property is not sufficient to pay his indebtedness to the estate, the balance due the estate is chargeable against his dower interest. It has not been contended by appellee that the husband's debt to the estate can be charged against his homestead interest. Any question of that character is therefore outside the scope of this contest.

Complaint is also made of that provision of the decree which adjudges that Brown, by virtue of his judgment against Trubey, has a lien upon whatever interest Trubey

has in the real estate. This makes the judgment a lien upon the homestead, which is plainly wrong. Unless Trubey should assent to the sale of his dower interest and elect to take the present worth thereof in cash, it is clear the court has nothing to do with the Brown judgment, but the owner thereof should be left to enforce the same by such methods as he could have used had he not become a party to this suit. What Brown's rights would be if Trubey should so assent and elect we do not now determine. That question will be decided when it arises.

Except as hereinabove indicated the record is free from error. The decree will be reversed and the cause will be remanded for further proceedings consistent with the views expressed in this opinion.          *Reversed and remanded.*