JETTIE RICHARDSON, Appellee, *vs.* ESDRAS B. TRUBEY, Appellant.

*Opinion filed June 20, 1911.*

1. APPEALS AND ERRORS—*a bankrupt may appeal from an order directing a sale of his homestead.* A person may appeal from an order of the court directing the sale of his homestead without his consent and the payment of its value to him according to mortality tables, even though he may have a trustee in bankruptcy, as such trustee has no concern with exempt property.

2. SAME—*master's report is part of the record without any certificate of evidence.* The report of the master in chancery before whom the testimony in a partition case is taken is a part of the record without any certificate of evidence.

3. WILLS—*a person cannot claim under part of will and reject the remainder.* A party cannot claim under the will as to a part of the property devised to him and reject the will as to the remainder and claim under the statute.

4. SAME—*when person is bound by election to take under the will.* A person who has the right to take under a will or the statute is entitled to know the condition of the estate before making his election, but if he knows the condition of the estate and does not renounce the provisions of the will after receiving the notice provided for by the statute, but, on the contrary, claims a part of the property under the will, his election to take under the will is binding upon him.

5. PARTITION—*rule where party entitled to homestead does not consent to its sale.* Where homestead premises are not susceptible .of division the owner of the homestead estate may, by written assent, agree to its sale, in which case the estate is sold for its present value and the amount is paid to the owner; but the homestead estate cannot be sold for its present value without his consent, and in such case a court of equity will require the payment to him of $1000 in money in lieu of his right of occupation of·a homestead of that value. (*Powell* v. *Powell,* 247 Ill. 432, followed.)

6. SAME—*rule where dower cannot be assigned without injury and there is no assent to sale.* Where property in which one has dower cannot be divided so as to assign dower without great injury to the whole, proceedings may be had under section 39 of the Dower act, but there is no warrant in law for selling the dower interest without the written assent of the person entitled thereto, given as provided in the Partition act.

APPEAL from the Circuit Court of Cook county; the
Hon. JESSE A. BALDWIN, Judge, presiding.

H. W. STANDIDGE, for appellant.

LOUIS J. PIERSON, and GEORGE A. MILLER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

Luella B. Trubey died on June 3, 1905, leaving a last
will and testament, of which the appellee, her niece, Jettie
Richardson, was executrix. On August 3, 1905, the ap-
pellant, Esdras B. Trubey, her surviving husband, filed his
bill in the circuit court of Cook county to contest the will.
There was a verdict, followed by a decree, sustaining the
will, and that decree was affirmed by this court. (*Trubey*
v. *Richardson,* 224 Ill. 136.) The appellant, as administra-
tor to collect, also began a proceeding in the probate court
of Cook county against Arthur B. Pease to compel the de-
livery of personal property alleged to belong to the estate,
and that litigation ended with the affirmance of the judg-
ment of the Appellate Court, holding that the property was
property of the estate. (*Trubey* v. *Pease,* 240 Ill. 513.)
On January 24, 1908, the appellee filed her bill in this case
in the circuit court of Cook county against the appellant
and others for partition of the real estate devised by the
will. A decree was entered, which was reversed on appeal
and the cause was remanded to the circuit court for fur-
ther proceedings consistent with the views expressed in the
opinion then filed. (*Richardson* v. *Trubey,* 240 Ill. 476.)
After the cause was re-instated in the circuit court the
appellee filed a substituted and supplemental bill of com-
plaint on January 25, 1910, to which bill the appellant de-
murred, and his demurrer being overruled he answered the
bill. The issue was referred to a master in chancery to

take the proofs of the respective parties and report his conclusions upon the law and the facts. The master took the evidence and made his report, recommending a decree for the assignment of homestead and dower to the appellant and a partition of the premises, and providing that if it was not possible to assign the homestead or dower, the same should be sold and the present value of the homestead, according to the mortality tables, be paid to the appellant, and the balance of the value of the dower, above encumbrances, tax sales and tax liens, be paid to his trustee in bankruptcy. The cause was heard on exceptions to the report and the court entered a decree in accordance with said report, appointing commissioners to assign the homestead and dower and partition the real estate. If the premises were not susceptible of division the commissioners were directed to report the value of each piece or parcel, and the premises were to be sold, including the homestead and dower, and the values were to be paid to the appellant and his trustee, as recommended by the master. The case has again been brought to this court by appeal.

The appellee has moved to dismiss the appeal, and as grounds of the motion her counsel say that under the former decision in this case the appellant's rights are limited to homestead in the family home and dower in the residue of the real estate; that the decree appealed from gives appellant the homestead, so that he cannot appeal with respect to that part of the decree; that the remaining interest is in Harry G. Wexler, trustee in bankruptcy of the appellant, who has the sole right of appeal if dissatisfied with the decree respecting dower, and that the abstract does not show that all the evidence upon which the decree rested is before the court. The master's report finds that the original bill was filed on January 11, 1909; that appellant filed his voluntary petition in bankruptcy on April 6, 1910, and that Harry G. Wexler was appointed trustee of his estate

on May 26, 1910, and duly qualified and acted as such trustee. The decree follows the findings of the master, but they are not supported by any evidence. The abstract of the record shows that on June 16, 1910, after the reference to the master, an order was entered giving Harry G. Wexler leave to file an intervening petition as trustee in bankruptcy of appellant and substituting such trustee as defendant in place of appellant. The intervening petition was filed but the order was set aside on August 4, 1910, and appellant was ruled to answer the petition. An answer was filed denying the appointment of Wexler as trustee or his qualification as such, and disputing his right as trustee for appellant. On August 15, 1910, Wexler filed exceptions to the answer of appellant and nothing further appears. There was no evidence that Wexler was trustee in bankruptcy or that there was any proceeding in the District Court of the United States. So far as appears the trustee did nothing in the case, and he filed no objections before the master and made no contest before the court. The right to dower, as well as homestead, is by the record in appellant, but if there was a trustee, appellant has a right to question the order of the court for the sale of his homestead without his consent and the payment of its value to him according to mortality tables, since the trustee in bankruptcy has no concern with exempt property. The abstract shows the report of the master before whom the cause was heard, and it is a part of the record without any certificate of evidence. The suggestion that it is not shown that no oral testimony was heard before the court is without force, for the reason that none could have been heard. The motion to dismiss the appeal is denied.

After the cause was re-instated in the circuit court, the appellant, on July 7, 1909, filed in the office of the clerk of the probate court the renunciation of the will provided by section 12 of the Dower act, and elected to take in lieu of

dower one-half of all the real and personal estate which should remain after the payment of just debts and claims. The court found that this attempted renunciation was void, and it is contended that the court erred because we held on the former appeal that appellant could still renounce the will and the cause was remanded for further proceedings consistent with that view. Counsel misinterprets the opinion in which we held that appellant took by the will and not by the statute, and in explanation stated what his rights would have been if he had made an election under the Dower act. We did not decide that he could still renounce the provisions of the will and his right to election had already been barred. The letters testamentary were issued to appellee on or about July 19, 1905. She served on appellant a written notice on February 24, 1906, that all claims against the estate as filed and allowed in the probate court had been fully paid, and that he should make his election to take under the will or renounce its provisions within two months from the service of the notice. All claims against the estate had been paid and no other claims were filed in the probate court until December, 1909, nearly four years after the notice, and which could only participate in after-discovered property. The notice was in compliance with the statute and the appellant did not avail himself of the right to make an election. Afterward, on June 29, 1907, he filed in the probate court a sworn answer to a petition for a surrender of specific property in his possession, and he set up that under the terms of the will the property was bequeathed to him and he claimed possession by virtue of the bequest. He could not claim that property under the will and reject the remainder and claim under the statute. (*Lessley* v. *Lessley,* 44 Ill. 527.) One who is permitted to take under a will or the statute is entitled to know the condition of the estate before making an election, and it is the intention of the statute that such should be the case;

but here the appellee not only complied with the statute, but appellant, knowing the condition and the amount of the estate, elected to take under the will by claiming the property given to him by it. He was the surviving husband of the testatrix and had been her agent in the management of her property and after her death was administrator to collect and carried on the contest of the will and litigation with Pease, and he is bound by his election. *Stone* v. *Vandermark*, 146 Ill. 312.

In the decree which was reversed on the former appeal the commissioners were not specifically directed to set off the homestead. In the present decree they are so directed, but if they find the premises are not susceptible of division they are to report the value and the homestead premises are to be sold. In case of a sale and confirmation of the report the appellant is ordered forthwith to surrender possession and is to be paid the value of his homestead according to the mortality tables. There is no warrant in the law for selling a homestead estate and giving to the owner its present value without his consent. If the owner chooses to do so he may, by written assent filed in the court where the proceedings for partition are pending, agree to the sale of his estate with the rest of the property, and in such case the estate is sold for its present value, which the owner receives. (*Merritt* v. *Merritt*, 97 Ill. 243.) It does not appear that the appellant filed his consent, in writing, to the sale of his homestead estate, and the court had no right to order a sale of the same and to require the appellant to surrender possession on the confirmation of the sale. It is true that courts of equity, in order to prevent injustice resulting from the occupation of premises of much greater value by one who has an estate therein to the extent of only $1000, have required the surrender of possession by the one entitled to the homestead upon payment of $1000 to such owner, but he cannot be required to sell it

and receive the present value without his consent. What he is entitled to is the occupation of a homestead of the value of $1000, and, by analogy to cases where a homestead may be sold under execution or to satisfy liens, a court of equity will order the payment to him of that sum of money, which will enable him to acquire another homestead and thereby have what he is entitled to. (*Powell* v. *Powell,* 247 Ill. 432.) To take a homestead from one entitled to it and give him what it sells for, without his consent to such arrangement, would be to defeat the purpose of the statute and give to the party money instead of a right to occupy exempt property. With respect to dower, the last decree directed an accounting, and in case of a sale the payment of the value of the dower to Wexler, as trustee in bankruptcy. There was no evidence that he was trustee or had any right to the money, but, as was said with reference to the former decree respecting dower, the directions of the present one are not authorized by our laws. When property in which one has dower cannot be divided so as to assign the dower without great injury to the whole, proceedings may be had under section 39 of the Dower act, but there is no warrant in the statute for selling the dower interest without the consent of the one entitled to dower, given as provided in the Partition act. As there was no consent to the sale of the dower interest the court erred in ordering a sale of the same.

The decree is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*