MARY J. MANN, Appellee, *vs.* ADAM S. MANN *et al.* Appellants.

*Opinion filed October 27, 1915—Rehearing denied Dec. 10, 1915.*

1. EVIDENCE—*party defending as an heir is not incompetent to testify.* Section 2 of the Evidence act declares parties to a suit incompetent to testify when the adverse party sues or defends as heir or devisee but not when the witness himself is suing or defending as heir or devisee.

2. SAME—*when widow is not competent under the third exception to section 2 of Evidence act.* In a proceeding by the widow for assignment of dower, the fact that a witness defending as an heir testifies to the execution by the widow of an ante-nuptial contract, a sworn copy of the record of which is introduced in evidence, does not qualify the widow, under the third exception to section 2 of the Evidence act, to testify that she never entered into any ante-nuptial contract.

3. ANTE-NUPTIAL CONTRACTS—*when burden is on wife to show she was not fully informed as to property.* Where the wife seeks to repudiate an ante-nuptial contract after the husband's death she must show that there was a marriage engagement between them when the contract was entered into, since otherwise there is no fiduciary relation; and if there is no such engagement shown and the contract merely states that the parties contemplate marriage with each other, the burden is on the wife, in case the provisions of the contract are disproportionate to the husband's means, to show that she was not fully informed of her intended husband's circumstances.

APPEAL from the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding.

STEWART W. KINCAID, for appellants.

FRANK C. VANSELLAR, and O'HAIR & RHOADS, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee, the widow of Samuel C. Mann, who died November 12, 1913, began suit in the circuit court of Edgar county for the assignment of dower in the real estate which he owned during the marriage. A decree was ren-

dered in her favor, from which Adam S. Mann, his son, and Vivian Coalson, his grand-daughter, devisees under his will, have appealed.

The defense is based upon the following contract:

"*Samuel C. Mann and Mary J. Tucker.*

"Article of agreement made and entered into this 17th day of December, 1889, between Samuel C. Mann of the first part and Mary J. Tucker party of the second part:

"*Witnesseth:* Whereas,. the said parties contemplate marriage with each other, they make the following agreement with reference to their property:

"*First*—It is agreed that the said Mary J. Tucker, in the event of said marriage and also in the event of her surviving said Samuel C. Mann, hereby releases all right or claim, under any law, to any part of the estate of said Samuel C. Mann, either real or personal, and the said Samuel C. Mann on his part releases all legal right, title or claim to any part of the estate. of which the said Mary J. Tucker may own, either real or personal; and in the event that the said Samuel C. Mann shall survive the said Mary J. Tucker, he also relinquishes any and all claims upon her property, either real or personal.

"Witness our hands and seals this the 17th day of December, 1889.

(Seal)
(Seal)

"It is further agreed by the said Samuel C. Mann that if he should depart this life before the said Mary J. Tucker, then the said Mary J. Tucker shall have the right to occupy, as her home, the premises where the said Samuel C. Mann now lives, as long as she remains his widow.

S. C. MANN,          (Seal)
MARY J. TUCKER.  (Seal)

"Filed and recorded Feb. 5, 1891.          H. E. Rives, *Recorder.*"

This contract was not produced upon the hearing but a sworn copy of the record of it in the recorder's office of Edgar county was introduced in evidence. Adam S. Mann testified that he saw the original in his father's possession in 1912; that he had seen the appellee write and was acquainted with her handwriting and had seen his father write and was acquainted with his handwriting, and that the signatures to the instrument were those of his father and the appellee. His wife testified to the same effect, and both

testified that the recorded instrument was a copy of that
which they had seen in their father's possession. The in-
strument could not be found after the death of Samuel C.
Mann. Objection was made to the competency of these
witnesses on the ground that Adam S. Mann was an heir
of Samuel C. Mann and was defending as such heir. Par-
ties to a suit are declared incompetent to testify, by sec-
tion 2 of the act in regard to evidence and depositions, only
when the adverse party sues or defends as heir or devisee,
and not where such party himself sues or defends in that
capacity.

Mary J. Mann testified, in rebuttal, that she had never
entered into any ante-nuptial contract with her husband;
that he never said anything to her about it. She was
objected to as an incompetent witness, and the objection
should have been sustained. The adverse parties were de-
fending as devisees of their deceased father and grand-
father, Samuel C. Mann. It is contended that she was a
competent witness under the third exception to section 2 of
the act in regard to evidence and depositions, which pro-
vides that where the adverse party suing or defending in
one of the representative capacities mentioned in that sec-
tion, or any person having a direct interest in the event of
the suit, shall testify in behalf of such party so suing or
defending to any conversation or transaction with the op-
posite party, then such opposite party shall also be permitted
to testify as to the same conversation or transaction. This
exception is not applicable. The testimony of Adam S.
Mann and his wife was not to any conversation or trans-
action with the appellee, and her testimony was not in re-
gard to the same transaction about which they testified.
This was all the evidence introduced in regard to the exe-
cution of the contract, and it was sufficient *prima facie*
to show its execution.

Counsel for appellee insist that the provisions of the
contract are disproportionate to the means of her husband,

and that the burden of proof was upon the appellants to show that she was fairly advised as to her husband's property at the time the contract was made. There is no evidence that appellee knew the nature, character and extent of her intended husband's property at the time the contract was executed, and if the burden rests upon the appellants of showing that she was informed in regard to these matters it has not been sustained. The relationship between the parties to a marriage engagement is a confidential and fiduciary one, requiring just and fair dealing. When an ante-nuptial contract is entered into between such persons the provisions of which are disproportionate to the husband's means, it will be presumed that the intended wife was not fully informed as to the value and extent of her husband's property, and unless this is disproved the contract will not be enforced against her. (*Hessick* v. *Hessick,* 169 Ill. 486; *Warner* v. *Warner,* 235 id. 448.) It has been held, however, that the burden is upon the wife seeking to repudiate an ante-nuptial contract to show that there was an existing marriage engagement at the time the contract was entered into, since otherwise no fiduciary relation is established. (*Martin* v. *Collison,* 266 Ill. 172.) In this case no evidence whatever was introduced in regard to the circumstances under which the contract was executed. The marriage took place on December 26, 1889,—nine days after the date of the instrument. The instrument itself does not recite a marriage engagement, or even that the parties are about to enter into a contract of marriage, as in the case of *Martin* v. *Collison, supra.* It simply states that the parties contemplate marriage with each other. Under the doctrine heretofore announced by this court the burden was upon the appellee to show that she was not fully informed as to her intended husband's circumstances.

The execution of the instrument having been proved and there being no evidence that defendant had not full information as to her husband's means, the contract should

not have been disregarded, and the decree rendered was erroneous. It will be reversed and the cause will be remanded to the circuit court, with directions to dismiss the bill.

*Reversed and remanded, with directions.*