Elmer H. Squibb, Appellant, v. Alice Holstlaw Catching et al., Appellees.

· Opinion filed February 1, 1932.

JOHN L. KAGY, for appellant.

SMITH & SMITH, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On Thanksgiving day, November 29, 1917, Omar Squibb, a widower, and Mary Holstlaw, a spinster, were married. Both parties were then of the age of about 73 years, and each was well to do, owning both farm land and personal property.

Omar Squibb died on January 23, 1926, leaving as his only heirs at law, his son, Elmer H. Squibb, appellant, and Mary Holstlaw Squibb, his widow. On January 28, 1926, the widow and son entered into a written agreement, by the terms of which the widow agreed to receive, in personal property, the sum of $6,620, in full of all marital rights in his estate, and to convey to said son all interest in the real estate of her deceased husband. The estate, at the time of his death, amounted to about $27,000. This agreement was carried out according to its terms, and on April 30,

1930, Mary Holstlaw Squibb died intestate, leaving a considerable estate.

Appellant, a few months later, filed his bill of complaint alleging that Omar Squibb and Mary Holstlaw, before their wedding, entered into a verbal antenuptial settlement, in contemplation of the marriage, by which each waived all rights of inheritance in the estate of the other; that following the death of said Omar Squibb, his widow, in violation of said agreement, made claim to a share of his estate; that she falsely and fraudulently concealed from appellant the fact of such contract, and in consequence of same secured said personalty of the value of $6,620; that she took same impressed with a trust in favor of appellant, which trust continued against her heirs, and prayed that the court would by its decree impress the estate of Mary Holstlaw Squibb with such trust in favor of appellant, and order appellees, who are her heirs, and administrator, to pay same to him, together with interest from the time it came into her possession.

Appellees jointly answered the bill, denying that the antenuptial agreement was entered into, as alleged in the bill; denying that Mrs. Squibb fraudulently claimed any share in the estate of her deceased husband; that she fraudulently concealed from appellant any facts relative to such alleged agreement, or that she received any property from the estate of Omar Squibb, deceased, in violation of any such agreement; but averred that she took same as his surviving widow and heir under the statute of descent of the State, and in no other way. Upon a hearing the chancellor decreed that the complainant had not proven the allegations of his bill, and dismissed same for want of equity.

It is manifest that if the agreement between Mary Holstlaw Squibb and Elmer Squibb, entered into on January 28, 1926, was executed voluntarily, and was free from any fraud, that it is a bar to the relief which appellant seeks in this suit.

Appellant contends that the widow was a party to a confidential relationship; that a duty devolved upon her to disclose all the facts to him, and that fraud was impressed upon any contract made between such parties.

Whether Mary Holstlaw Squibb stood in a confidential or fiduciary relation to Elmer H. Squibb depends upon the character of the alleged antenuptial agreement. If such agreement was entered into after Omar Squibb and Mary Holstlaw became engaged, their relation to such antenuptial settlement would be fiduciary in its character; if it was previous to the engagement, then it would not create any confidential relation. *Martin v. Collison,* 266 Ill. 172, 179; *Mann v. Mann,* 270 Ill. 83.

In this case the bill does not allege whether such engagement to marry was entered into before or after the making of such alleged antenuptial agreement; nor does the testimony show such fact. The only evidence on the subject, before the marriage, is the alleged statement of Mrs. Squibb that she and Omar Squibb were to be married that day, and that they had settled their property rights. No mention was made as to whether they became engaged before or after making the marriage settlement, nor in any statements by either of the parties after their marriage did they say whether the engagement preceded or followed the antenuptial agreement; hence, under the rule announced in the cases cited, no confidential or fiduciary relation was proven between Omar Squibb and Mary Holstlaw Squibb in respect to such alleged antenuptial settlement. It therefore follows that no such relation was proven to have existed between the widow and the son.

Appellant alleges that he entered into the agreement for the division of his father's estate, in ignorance of the alleged antenuptial agreement, and that his step-

mother fraudulently concealed from him information relative thereto. As no confidential relation was shown, it was incumbent upon him to prove his allegations of fraudulent concealment (*Martin v. Collison, supra*), and to prove such fact by clear and convincing evidence, such as leaves the mind well satisfied that such allegations are true. *Council v. Bernard,* 319 Ill. 392, 402.

From a careful consideration of all the testimony offered by appellant, we find no evidence of such concealment on the part of Mrs. Squibb. It appears, at the time of the agreement, she was a woman 81 years of age, possessed of ample private estate, of religious character, a strong supporter of and contributor to her church. In addition, it is shown, by the witnesses for appellant, that both prior to and after her marriage to Omar Squibb, she freely told of such marriage settlement, giving its essential features, and at times going into its details; that she talked same over with the tenants on her farm, with a lumberman, with her washerwoman, and with a strange man who came to her home. Her character, as shown by the proof, and her declarations, all proven by the witnesses called by appellant, tend to show that instead of desiring to conceal the fact of her antenuptial agreement, she was willing to discuss it with almost anyone who cared to listen.

Appellant, by his averments, assumed the burden of proving the fact of fraudulent concealment; he has not done so. There was a failure of proof that Mrs. Squibb concealed fraudulently from appellant the fact of her antenuptial agreement with his father, and the chancellor rightly held the allegations of the bill had not been proven.

The decree will be affirmed.

*Decree affirmed.*