(No. 25135.—)

Olga Gradler, Appellee, *vs.* Renee Johnson, Appellant.

*Opinion filed October 10, 1939.*

138

HERMAN JACOBS, for appellant.

EDWARD M. KEATING, for appellee.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Walter B. Johnson, in his lifetime, was the owner in fee simple of two lots improved with a two-story and basement brick apartment building and a two-story brick garage and apartment on the rear of the lots located in Maywood, Illinois. Johnson died on April 20, 1937, intestate, leaving as his only heirs-at-law his widow, Renee Johnson, and two brothers and two sisters. Johnson and his wife occupied the premises and rented rooms to tenants. After her husband's death Renee Johnson continued in possession of the property and rented rooms to tenants. Olga Gradler, whose name was also spelled Graedler, one of the sisters of Johnson, by deeds acquired all the rights, titles and interests of her sister and two brothers and their respective wives in

and to the property mentioned. Within a year after the death of her brother, Olga Gradler filed this partition proceeding in the superior court of Cook county. Renee Johnson, the defendant, filed an amended answer and purported counter-claim, to which a replication was filed. The cause was referred to a master in chancery who heard the evidence and found that Renee Johnson and Olga Gradler were each vested with an undivided one-half interest in and to the real estate described, subject to the claim for widow's award, dower rights and homestead interest, and all provable claims against the estate of Walter B. Johnson. The master recommended partition of the real estate, or, if it was not susceptible of division, that it be sold and the proceeds of the sale divided between the parties. The defendant filed objections to the master's report, which stood as exceptions. The chancellor overruled the exceptions, approved the report, entered a decree for partition and appointed commissioners to make partition or appraise the value of the premises if they were not susceptible of division. The commissioners filed a report in which they found that the property was not susceptible of division and appraised its value at $6000. The defendant filed a petition for the revocation of the appointment of the commissioners and requested the appointment of other commissioners. The petition was denied. A decree of sale was entered embodying the substance of the findings of the master and the decree for partition. The defendant prosecuted this appeal.

Several questions are presented for review. One relates to the order of the chancellor denying the petition to revoke the appointment of commissioners to make partition or appraise the value of the property. On the hearing of the petition reasons were stated orally in support of the petition. There were no objections filed to the commissioners' report. At the time of the appointment of the commissioners the chancellor found that they were disinterested parties. In

the absence of objections in the record questioning the qualifications, acts or report of the commissioners there was no error in denying the petition. *Anderson* v. *Smith,* 159 Ill. 93.

It is contended that a certified copy of a record of a divorce proceeding instituted by Olga Gradler and a decree of divorce in the State of Michigan was not properly authenticated by the presiding judge and was not properly admitted in evidence; that by an act of Congress for the authentication of records it is provided that such authentication shall be "by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge," and that this act has been incorporated in our statutes. The act appears in our statutes, but we also have a State statute upon the subject. It provides that "The papers, entries and records of courts may be proved by a copy thereof, certified under the hand of the clerk having the custody thereof, and the seal of the court, or by the judge of the court if there be no clerk." (Ill. Rev. Stat. 1937, chap. 51, sec. 13, p. 1629.) The certification as provided by our statute was sufficient without also being in conformity with the Congressional act. *Garden City Sand Co.* v. *Miller,* 157 Ill. 225.

In her amended answer and counter-claim the defendant averred that the property in question was used for the purpose of conducting a rooming house by the defendant and her husband as partners and that it should be considered personal property. At the hearing the defendant offered to testify that there was an oral agreement between herself and husband as to the partnership and that supporting proof thereof would be disclosed by a joint account book. The proffered testimony would not have established a partnership under which the real estate, in law, was considered as personal property. It is not contended that the realty was intended to be a chattel personal or stock in trade to be dealt in as assets in business transactions. The use of the apartment building as a rooming house did not render

the real estate personalty, whether it was conducted by a single owner or by a partnership. Equity may consider real estate as personalty where it is in fact purchased, sold or treated as personalty. (*Van Housen* v. *Copeland,* 180 Ill. 74; *Speyer* v. *Desjardins,* 144 id. 641.) That was not the status or condition of the real estate in this case.

The proffered testimony was contrary to section 2 of the Evidence act, which excludes the testimony of parties to civil actions directly interested in the event thereof when any adverse party sues or defends as an heir. Olga Gradler was suing as an heir and Renee Johnson was defending as the widow and heir. The widow was incompetent to prove by her own testimony the existence of a contract between herself and husband with respect to the operation of the rooming apartment. (*Mann* v. *Mann,* 270 Ill. 83; *Stokes* v. *Stokes,* 240 id. 330; *Boyd* v. *Boyd,* 163 id. 611.) There was no error in excluding the proffered testimony nor the offer of proof as to the joint bank account. That account would not have proved that the real estate itself was being used as personal property. The widow was permitted to testify to the estimated amounts she received from her tenants and to expenditures she made in maintaining the apartment building.

It is contended that the decree found that Renee Johnson is entitled to dower and homested in the premises but that partition of the real estate, free and clear of such interests, was improperly ordered. The complaint made no mention of dower and homestead interests but asked for a partition between the parties according to their respective rights and interests. The defendant in her answer claimed homestead and dower interests and requested that they, respectively, be allotted and set off to her. The reply to the answer stated that the interests were as alleged in the complaint and did not admit that there were homestead or dower rights of the widow. The master, however, found that the interests of the parties were subject to the dower rights,

homestead interest and claim for widow's award and he recommended that a partition or division of the premises be made according to their respective rights and interests "free and clear of the homestead interests and dower rights of the defendant."

One of the defendant's objections to the master's report was that the partition or division could not be made because the defendant had not up to that time given her consent thereto with respect to her dower interest. While another objection states that the master should have heard evidence tending to establish the amount of the widow's award, there was no separate mention of the homestead interest. The recommendation of the master was that the court "reserve for further and future consideration the right of the defendant to assignment of dower, allotment of homestead and allowance of widow's award and all matters of accounting between the parties to this suit."

The decree for partition provided that the partition should be made free and clear of the homestead interest and dower rights of the defendant. Commissioners were appointed and they found that there could be no division of the land and appraised its value at $6000. The decree of sale provided for a sale at public auction to the highest bidder, provided the bid should be equal at least to two-thirds of the valuation of the land as appraised by the commissioners and should be for cash, and authorized the master to execute a deed to the purchaser. The decree provided that the master should bring the money realized from the sale into court to be distributed to the parties entitled thereto, under the direction of the court, and should report his proceedings to the court at the next term, to which the cause was continued. The court retained jurisdiction of the cause for the purpose of carrying the decree into effect and for any other orders which may be necessary to finally adjudicate the rights of the parties in and to the premises or the proceeds of the sale thereof.

There was no ascertainment of the value nor allotment of the homestead interest nor assignment of the dower of Renee Johnson, and she had not given her consent to the sale of her dower or homestead interest. It is the theory of the attorney for the plaintiff that the amount of cash to be received from the sale of the property would be under the control of the chancellor and the widow's homestead and dower rights would be amply protected. The object of partition is to enable those who own property in common to sever their interests so that each may take possession of, enjoy and control his separate estate at his own pleasure. After the partition each party has the same title which he had before, except that the possession is in severalty. (*Cole v. Cole,* 292 Ill. 154.) Even after the sale of real estate where there can be no partition the character of the property is changed only so far as it is necessary to accomplish the particular purpose of the sale. The money remains impressed with the character of the real estate for the purpose of determining who is entitled to it. The proceeds are divided among the parties interested in the land according to their respective interests. (*Marshall* v. *Marshall,* 252 Ill. 568; *Smith* v. *Smith,* 174 id. 52.) The statute provides how dower shall be assigned both at the instance of the person entitled to dower and by the heirs, and also upon partition proceedings by the heirs or in the event of sale. Section 1 of the Dower act provides that the surviving husband or wife shall be endowed of the third part of all lands whereof the deceased husband or wife was seized of an estate of inheritance. Succeeding sections provide respectively for assignment of dower by the heirs, or for the recovery of dower if the heirs have not acted; for the filing of a petition and what it shall contain; for the hearing, appointment of commissioners, division of the property and the allotment of dower. Section 39 in substance, provides that if the estate cannot be divided without injury the dower may be assigned of the rents, issues and profits

thereof, and provides when and how the payments shall be made, as an allowance in lieu of dower. Section 43 provides that heirs may institute proceedings to assign dower.

Section 22 of the Partition act provides that if dower has not been allotted to the person entitled thereto, or the homestead set off, the dower may be allotted and homestead set off by commissioners, and if so directed by the court the premises so allotted or set off may be partitioned among the claimants, subject to the dower and homestead. Section 26 provides that if the premises cannot be divided without prejudice and the commissioners so report they may be sold at public vendue upon such terms and notice of sale as the court shall direct. Section 32 provides that in case of sale the court may, with the assent of the person entitled to an estate of dower or homestead sell such estate with the rest of the estate, but such assent shall be in writing. Section 34 provides that when any such interest is sold the value thereof may be ascertained and paid over in gross, or the proper proportion of the funds invested, and the income paid over to the party entitled thereto. Section 39 provides that in all suits for the partition of property the court, among other things, may assign dower and order a sale of the premises. There is no provision in the Dower or Partition acts authorizing the court to direct the sale of property in which there is a dower and homestead right, free and clear of such right. An estate of homestead is exempt from the laws of descent, (Ill. Rev. Stat. 1937, chap. 52, sec. 1, p. 1636,) and is, therefore, paramount to the rights of the heirs. The right of dower is paramount to the right of the heirs to partition, whether a division or a sale be sought. (Freeman on Co-tenancy and Partition, sec. 476; Knapp on Partition, p. 286; 20 R. C. L. p. 749.) An estate in which one has a dower interest may be sold, if the premises are not susceptible of division, but the value of the dower interest must first be determined as provided in the Dower and Partition acts. The statute confers no authority upon a court to compel a person entitled to dower

to accept a gross sum in lieu thereof, except in the manner provided by statute. (*Ellguth* v. *Ellguth,* 250 Ill. 214; *Francisco* v. *Gates,* 28 id. 64.) One entitled to dower can not, by withholding assent, prevent the partition of property which is susceptible of division, (*Crawford* v. *Hurst,* 316 Ill. 215,) but a sale of the dower interest cannot be made without the consent of the one entitled to dower. (*Richardson* v. *Trubey,* 250 Ill. 577.) The value of such dower must be determined before a sale.

While the decree for partition provided that the sale of the land should be free and clear of the homestead and dower rights of the widow it did not provide for the assignment of dower, nor had the widow's consent in writing been obtained as provided in the Partition act. While there was no direct objection to the master's report with respect to the finding that the property should be sold free and clear of the homestead interest it has been assumed by counsel for the plaintiff that upon a sale of the premises and confirmation thereof $1000 of the proceeds may be given to the widow, but there is no such amount ascertained and fixed by the decree as the value of the homestead interest.

The decree of partition was erroneous in awarding partition free and clear of the dower and homestead interests of the widow, without her consent in writing as to dower, or without a compliance with the statutory requirements as to the allotment of dower and homestead. (*Joest* v. *Adel,* 209 Ill. 432; *Crawford* v. *Hurst, supra; Richardson* v. *Trubey, supra.*) The determination of the value of the dower and homestead rights should not have been reserved for a future adjudication by the court. *Grote* v. *Grote,* 275 Ill. 206; *Crawford* v. *Hurst, supra.*

For the error, in ordering a sale of the land in question free and clear of the dower rights of the defendant, the decree of the superior court is reversed and the cause is remanded, with directions for further proceedings in accordance with the views herein expressed.

*Reversed and remanded, with directions.*