CHARLES MORROW, JR., *et al.*, Petitioners-Appellees, v. RUDOLPH J. WESTPHAL, Respondent and Appellant and Counterpetitioner-Appellant (Charles Morrow, Jr., *et al.*, Counterrespondents-Appellees).

Third District   No. 3—87—0532

Opinion filed March 24, 1988.

434

Thomas V. Hoehne, of Peoria, for appellant.

Cusack & Fleming, P.C., of Peoria (Michael A. Fleming, of counsel), for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Charles Morrow, Jr., Jack E. Hobeck, and Roy G. Sears, filed a petition for registration of foreign judgment in Peoria

County against the defendant, Rudolph J. Westphal. The plaintiffs' petition alleged that on November 10, 1986, the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, entered three separate judgments against the defendant. The trial court denied the defendant's motion to dismiss and vacate the plaintiffs' petition and thereafter allowed the plaintiffs' motion for summary judgment.

On appeal, the defendant contends: (1) the plaintiffs failed to comply with the terms and provisions of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1985, ch. 110, par. 12—603); (2) the trial court erred in holding that a nonwage garnishment is available to the plaintiffs; and (3) the trial court was incorrect in not allowing the defendant the opportunity to litigate a counterclaim.

■ Initially, the defendant argues that the plaintiffs failed to comply with the terms of the Uniform Enforcement of Foreign Judgment Act, which mandates as follows:

> "A verified petition shall set forth a copy of the judgment to be registered, the date of its entry and any subsequent facts, circumstances or legal proceedings affecting it, such as levies of execution, appeals, supplementary enforcement proceedings, payments in partial satisfaction and the like, authenticated, if of record, in a manner authorized by the laws of United States or of this State ***." Ill. Rev. Stat. 1985, ch. 110, par. 12—603.

The defendant contends that section 12—603 is mandatory in nature and requires that the verified petition for registration set forth, in addition to a copy of the judgment to be registered, any subsequent facts, circumstances, or legal proceedings affecting it. In the instant case, the record indicates that the verified petition sets forth a copy of the Florida judgment. The petition does not set forth any subsequent fact, circumstances or legal proceedings affecting it, including the notice of final appeal filed by the defendant in the Fourth District Court of Appeal of the State of Florida. The defendant further argues that the plaintiffs' petition does not state a cause of action because the plaintiffs did not set forth the subsequent legal proceeding affecting the Florida judgment.

The trial court found that the Florida appeal does not affect the judgment and that the term "appeals" in section 12—603 (Ill. Rev. Stat. 1985, ch. 110, par. 12—603) does not mean that appeal documents not affecting the judgment need to be attached to the petition. The statute requires that the petition set forth subsequent facts, circumstances and legal proceedings affecting the judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 12—603.) The appeal filed in Florida by the

defendant does not affect the Florida judgment. The record does not indicate that bond was posted or that the judgment was otherwise stayed. Thus, because the Florida appeal does not affect the Florida judgment, the trial court was correct in finding the plaintiffs have set forth the documents necessary to satisfy section 12—603 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1985, ch. 110, par. 12—603).

■ The defendant's second contention is that the plaintiffs failed to properly authenticate the foreign judgment as required by section 12—603 of the Uniform Enforcement of Judgments Act (Ill. Rev. Stat. 1985, ch. 110, par. 12—603).

In the present case, a certified copy of the judgment, certified by the clerk of the circuit court of Palm Beach County, Florida, was attached to the judgment and filed by the plaintiffs in the trial court. The trial court found, and we agree, that the plaintiffs' certification method was sufficient to satisfy the authentication requirement. The record indicates that the Florida judgment was proper in all respects. In an instance where a judgment is valid in all other respects, the term authenticate should be construed as having a general meaning, referring to the process of verifying the genuineness of the item or document in question. Thus, certification is one method of authentication.

This finding is in conjunction with the requirements of the Uniform Enforcement of Foreign Judgments Act. The Act, as set forth above, requires the petition's documents to be authenticated. Although the statute does not define authentication, Illinois law provides a method to prove the genuineness of court records. Section 8—1202 of the Illinois Code of Civil Procedure provides as follows:

"Court records. The papers, entries and records of courts may be proved by a copy thereof certified under the signature of the clerk having the custody thereof, and the seal of the court, or by the judge of the court if there is no clerk." Ill. Rev. Stat. 1985, ch. 110, par. 8—1202.

The defendant argues that this provision deals with proof at trial, and thus evidentiary questions, which are unrelated to the question of the sufficiency of the complaint. The purpose of the Uniform Enforcement of Foreign Judgments Act is to insure that the records are truthful and accurate. A complaint consists of allegations; proof of those allegations at trial is often more difficult because of the evidentiary rules. Thus, because the requirements of reliability, truth and accuracy are more stringent at trial than at the pleading stage, the trial court could have and did determine that the authentication require-

ment in the Uniform Enforcement of Foreign Judgments Act could be satisfied by complying with the certification requirements in section 8—1202 (Ill. Rev. Stat. 1985, ch. 110, par. 8—1202).

■ The defendant argues that this court should apply Federal law when deciding what constitutes authentication under Illinois law. This issue was addressed by the Illinois Supreme Court in *Gradler v. Johnson* (1939), 372 Ill. 137, 22 N.E.2d 946. In *Gradler*, the court ruled that a sister State's judgment could be proved by a certified copy. When *Gradler* was decided, the present Federal statute (28 U.S.C. §1738 (Supp. 1982)) was incorporated in Illinois law (Ill. Rev. Stat. 1937, ch. 51, par. 55 (repealed 1972)). When deciding *Gradler*, the court relied on section 13 (Ill. Rev. Stat. 1937, ch. 51, par. 13 (repealed 1983)), which is identical to section 8—1202 (Ill. Rev. Stat. 1985, ch. 110, par. 8—1202). The court stated that section 13 (Ill. Rev. Stat. 1937, ch. 51, par. 13), now section 8—1202 (Ill. Rev. Stat. 1985, ch. 110 par. 8—1202), provided for a sufficient method of authentication through certification. *Gradler v. Johnson* (1939), 372 Ill. 137, 22 N.E.2d 946.

Section 55 was later repealed and section 13, now section 8—1202 remained. These facts, combined with the language included in section 8—1202, indicate that compliance with section 8—1202 is sufficient to satisfy the authentication requirement in a Uniform Enforcement of Foreign Judgments Act action.

■ The defendant's third contention is that the trial court was incorrect in holding that a nonwage garnishment was available to the plaintiffs. Specifically, the defendant argues that garnishment cannot be commenced in a Uniform Enforcement of Foreign Judgments Act proceeding until there is a final judgment confirmed by the enforcing court.

Section 12—606 of the Uniform Enforcement of Foreign Judgments Act provides:

> "Levy. At any time after registration and regardless of whether jurisdiction of the person of the judgment debtor has been secured or final judgment has been obtained, a levy may be made under the registered judgment upon any property of the judgment debtor which is subject to enforcement or other judicial process for satisfaction of judgments." (Ill. Rev. Stat. 1985, ch. 110, par. 12—606.)

Levy is defined in section 12—601(C) as "to take control of or create a lien upon property under any judicial process whereby satisfaction of a judgment may be enforced against such property." Ill. Rev. Stat. 1985, ch. 110, par. 12—601(c).

The garnishment statutes in Illinois (Ill. Rev. Stat. 1985, ch. 110, par. 12—701 *et seq.*) are in harmony with the Uniform Enforcement of Foreign Judgments Act set forth above. The garnishment statutes illustrate that the initial step of garnishment is to effectively seize the property in order to keep it available for satisfaction of the judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 12—701 *et seq.*) Garnishment process is served on the garnishee, who then must hold any nonexempt property in his control, subject to the order of the court, with the lien of the judgment serving as a lien on the property from the time of service until conclusion of the garnishment proceedings. Ill. Rev. Stat. 1985, ch. 110, par. 12—707(a).

This procedure is in conjunction with the Uniform Enforcement of Foreign Judgments Act, which provides that property belonging to the judgment debtor may be seized through any judgment enforcing process upon filing of the petition to register, even though final disposition of such property cannot be had until a final judgment is rendered. (Ill. Rev. Stat. 1985, ch. 110, par. 12—612.) A clear reading of the above-mentioned statutes illustrates that the trial court was not in error in finding the initiation of the nonwage garnishment process to be proper. In addition, the trial court was correct in dismissing the defendant's counterclaim on its merits. In the counterclaim, the defendant argues that the plaintiffs should be liable for conduct which allegedly occurred in the process of the Illinois litigation. The record indicates that the Illinois proceedings were proper in all respects. Consequently, the trial court was correct in finding that the defendant has failed to state a cause of action in his counterclaim.

The defendant's final contention is that he was deprived of due process of law. Specifically, the defendant contends that under the Florida Rules of Civil Procedure (Fla. Rev. Stat. 1985, ch. 30, R. 1.530), the defendant was entitled to a hearing on a post-trial motion, filed within 10 days from the date of the judgment. The Florida court failed to transmit a copy of the judgment to the defendant or the defendant's counsel, within the 10-day period, thus, the defendant was deprived of due process.

The defendant's argument is without merit. The denial of due process is not a defense to registration of a foreign judgment unless there is an allegation and proof that the denial of due process amounted to fraud in the procurement of the judgment or lack of jurisdiction in the original court. (*Grant, Schon, Wise & Grant, P.C. v. R. W. Borrowdale Co.* (1983), 114 Ill. App. 3d 89, 448 N.E.2d 574.) The record does not indicate, nor does the defendant contend, that the Florida error amounted to fraud. In addition, the failure of the

Florida clerk of the court to transmit a copy of the judgment to the defendant or the defendant's counsel did not affect the jurisdiction of the Florida court.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.