**In re William L. NABERS and Dorothy L. Nabers, Debtors.**

**Bankruptcy No. BK 89–30423.**

United States Bankruptcy Court, S.D. Illinois.

Aug. 10, 1989.

Mark Silvermintz, E. St. Louis, Ill., for Farm Credit Bank.

David W. Dugan, Edwardsville, Ill., for debtors.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

■ Farm Credit Bank of St. Louis objects to a claim of exemption by debtor, Dorothy Nabers, under the "wild card" provision of the Illinois exemption statute. Ill.Rev.Stat., ch. 110, ¶ 12–1001(b).[1] Debtor

---

1. Illinois has chosen to opt out of the Bankruptcy Code exemptions, and debtor is limited to asserting those exemptions which she would be

has claimed an exemption in the proceeds of real estate that was sold pursuant to a partition action in state court. Farm Credit Bank argues that these proceeds retained the character of real estate and that debtor's claim under the personal property exemption of ¶ 12–1001(b) should be disallowed. It is debtor's position that sale of the real estate in the partition action converted debtor's real property interest into personal property that debtor was entitled to claim as exempt under ¶ 12–1001(b).

Section 12–1001(b), containing an exemption in the amount of $2,000 for the debtor's interest in "any other property," is expressly limited to "personal property" of the debtor.[2] In the instant case, debtor's bankruptcy petition was filed after judgment had been entered in the partition action and the real estate had been sold, but before the proceeds had been distributed by the circuit court.

■ Under Illinois law, proceeds from the sale of real estate in a partition action retain the character of the real estate for the purpose of determining who is entitled to them. The object of partition is to enable those who own real property in common to sever their interests so that each may take possession of, enjoy, and control his separate estate at his own pleasure. *Gradler v. Johnson*, 372 Ill. 137, 22 N.E.2d 946 (1939). Where real estate is sold in a partition proceeding because it is not susceptible of division in kind, the proceeds of sale are impressed with the character of the real estate and divided among the parties according to their respective interests in the land. *Lewis v. Hill*, 387 Ill. 542, 56 N.E.2d 619 (1944).

> "Even after the sale of real estate …[,] the character of the property is changed only so far as it is necessary to accomplish the particular purpose of the sale [,]

entitled to claim under Illinois law. *In re Allman*, 58 B.R. 790 (Bankr. C.D. Ill.1986).

**2.** Section 12–1001, captioned "Personal property exempt," provides:

> The following *personal property*, owned by the debtor, is exempt from judgment, attachment or distress for rent:

[and] [t]he money remains impressed with the character of the real estate.…

*Gradler v. Johnson*, 372 Ill. at 143, 22 N.E.2d at 949.

Applying this rule to the instant case, debtor may not exempt the proceeds of her one-ninth interest in the property sold in the partition action under the personal property exemption of ¶ 12–1001(b). The proceeds retained their character as real estate to be distributed in the partition action and did not qualify as personal property subject to exemption under ¶ 12–1001(b).

For the reasons stated, the Court finds that debtor's claim of exemption in the proceeds of the partition sale should be disallowed and, accordingly, sustains Farm Credit Bank's objection to the claim of exemption.

IT IS ORDERED that the objection of Farm Credit Bank to debtor's claim of exemption is SUSTAINED.

* * * * * *

(b) the debtor's equity interest, not to exceed $2,000 in value, in any other property. Ill.Rev.Stat., ch. 110, ¶ 12–1001(b) (emphasis added).